STATE OF NEBRASKA, APPELLEE, V. ELAINE F. CANBY, APPELLANT.

348 N.W.2d 900

Filed May 25, 1984. No. 83-681.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Elaine F. Canby appeals from her conviction, pursuant to a jury verdict, of third degree assault. We affirm.

Canby's two assignments of error present the single issue of whether the trial court erred in not instructing the jury on self-defense.

In the late evening of August 5, 1982, Canby and her uncle, Donald Grant, and other family members were in the backyard of a Lincoln residence inhabited by Canby and her parents. Canby, Grant, and other family members had been drinking vari-

ous alcoholic beverages since at least midafternoon and were highly intoxicated. Several members of the family passed out from consuming alcohol, only to, upon awakening from their stupor, once again resume their drinking.

While seated at a picnic table in the backyard, Donald Grant asked Canby to return to him some money he then believed he had given her for safe-keeping. A few days later Grant discovered he had given his money to another of his relatives. Canby denied having the money, and the two, with other family members joining in, argued about the matter for some time. Canby arose from the table and went to a car parked next to the table in order to get another beer. Grant followed and grabbed her by the wrists, bent her hands, and caused Canby pain and fear that her wrist bones would be broken. Canby's cousin, Grant's nephew, pulled the two apart and Canby went into the house. Grant and his nephew continued to discuss the matter of Grant's money. During the discussion, both of them stood facing each other, the nephew with his back to the car. Suddenly, Grant fell to the ground. The nephew saw Canby standing behind Grant with a knife in her hand. The nephew transported Grant to the hospital, where it was found that he had been stabbed in the left side of his upper back. The wound was 1 inch wide and 4 inches deep. Grant recovered from the wound, but required surgery and 6 days' hospitalization.

Canby claims, by her testimony at trial, that after leaving the backyard she went into the house and grabbed a knife because she was frightened. She then went back outside and stood for a few minutes before going to where Grant and her cousin were standing. Her intent was to retrieve her mother, who Canby thought was also by the parked car discussing Grant's accusations of Canby. Her mother testified that she was in the house at the time. As Canby approached Grant and her cousin, she thought

she saw someone moving, so she threw her arms up to protect herself. In the process she unintentionally stabbed her uncle in the back, specifically denying that she had any intention to stab him. Canby and other witnesses testified that on at least two prior occasions when Grant was intoxicated, he had hit, pushed, or grabbed her.

Canby was charged with assault in the first degree, which is defined as the intentional or knowing causing of serious bodily harm. Neb. Rev. Stat. § 28-308 (Reissue 1979). The crime of which she was found guilty, assault in the third degree, is defined, among other things, as the intentional, knowing, or reckless causing of bodily injury. Neb. Rev. Stat. § 28-310 (Reissue 1979).

The prosecution's theory of the case is that Canby intentionally stabbed Grant in the back after having previously retreated from the backyard. Canby's theory is that her stabbing of Grant was an accident, the unintentional result of her being startled while standing next to Grant.

It is the duty of the trial court upon request of the accused to instruct the jury upon the accused's theory of the case if there is sufficient evidence to support it. *State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984).

Neb. Rev. Stat. §§ 28-1406 et seq. (Reissue 1979) deal with the situations wherein the use of force is justified. Section 28-1409(4) allows, with certain exceptions, the use of deadly force once unlawful force has been used against the actor, if the actor believes that such force is necessary to protect himself against death, serious bodily harm, kidnaping, or sexual intercourse compelled by force or threat. Deadly force is defined at § 28-1406(3) to be "force which the actor uses *with the purpose* of causing or which he knows to create a substantial risk of causing death or serious bodily harm." (Emphasis supplied.)

The gist of Canby's requested instruction is that

the jury should acquit her if she reasonably believed she was in danger of suffering death or great bodily harm, in which events she would be justified in stabbing Grant. The evidence does not support such an instruction. Canby's testimony is not that she used justifiable force but, rather, that she accidentally and unintentionally, that is to say, without purpose, stabbed her uncle. Her action was thus outside the definition of deadly force.

In view of that circumstance the trial court was correct in refusing to give Canby's requested instruction.

AFFIRMED.