STATE OF NEBRASKA, APPELLEE, V. CHARLES MENSER, APPELLANT.

382 N.W.2d 18

Filed February 21, 1986.    No. 85-280.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Robert M. Spire, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from felony convictions in the district court for Douglas County. Defendant, Charles Menser, was found guilty in a jury trial of first degree assault, use of a firearm to commit a felony, and possession of a firearm by a felon. He received consecutive sentences of 2 to 5 years on the assault conviction and 1 to 3 years for use of a firearm to commit a felony. He also received a sentence of 1 to 3 years for possession of a firearm by a felon, to be served concurrently with the other two sentences.

The incident precipitating the arrest and conviction of Menser occurred on May 16, 1984, when Menser shot Woodard Terrell with a pistol in front of Menser's apartment building. The shooting was the climax to an argument and scuffle between Menser and Terrell that began in Menser's apartment. Five people testified at trial concerning the events surrounding the shooting; five different versions of what happened were offered.

At approximately 9:30 p.m. on May 16, Terrell and his wife

went to Menser's apartment for a social visit. Terrell had received a dose of methadone through the Equilibria program and had had several drinks prior to the visit. His wife testified at trial that he was not drunk; other witnesses, friends of the parties who were present in the apartment, testified that he was quite drunk. Menser and Terrell argued in the kitchen of Menser's apartment. A scuffle ensued, with both parties striking each other. The witnesses disagreed at trial as to who struck the first blow. Menser and Terrell were physically separated by their friends. Some of the witnesses observed a gun on the floor of the kitchen following the scuffle; others did not. Menser testified that he picked up the gun from the floor and pocketed it, although he denied that it was his. There was agreement among the witnesses that Terrell carried a knife, which he used in his work, in a case on his belt. Menser was aware that Terrell carried a knife.

Following the altercation, Menser asked Terrell several times to leave the apartment. Terrell did not do so. Menser then left his apartment and walked outside along the sidewalk in front of the apartment building. Terrell followed and approached Menser. Menser shot Terrell, claiming at trial that he fired a shot in Terrell's direction because he thought Terrell was going to attack him. Menser then threw the gun into a nearby trash Dumpster and left the scene.

After his motion for a new trial was overruled, defendant appealed to this court. He assigns as error that the district court committed reversible error by refusing his requested instruction to the jury that an actor is not required to retreat from his dwelling.

Menser testified at trial that he did not fear for his safety until he was outside of his apartment. The only applicable law under such facts is the law of self-defense embodied in Neb. Rev. Stat. § 28-1409 (Reissue 1979), which was given to the jury as instruction No. 11. The instruction stated in part:

> The use of deadly force shall not be justifiable unless the actor believes such force is necessary to protect himself against death or serious bodily harm, nor is it justifiable if: (a) The actor, with the purpose of causing death or serious bodily harm, provoked the use of force against

himself in the same encounter; or (b) The actor knows that he can avoid the necessity of using such force with complete safety by retreating.

This instruction properly encompassed the relevant statutory and common-law definitions of self-defense as warranted by the facts of this case.

Defendant requested an instruction based on § 28-1409(4)(b)(i), which provides:

(4) The use of deadly force shall not be justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily harm, kidnapping or sexual intercourse compelled by force or threat, nor is it justifiable if:

. . . .

(b) The actor knows that he can avoid the necessity of using such force with complete safety by retreating or by surrendering possession of a thing to a person asserting a claim of right thereto or by complying with a demand that he abstain from any action which he has no duty to take, except that:

(i) The actor shall not be obliged to retreat from his dwelling or place of work, unless he was the initial aggressor or is assailed in his place of work by another person whose place of work the actor knows it to be . . . .

It is the duty of the trial court to instruct the jury upon the accused's theory of the case *if there is sufficient evidence to support it. State v. Canby*, 217 Neb. 461, 348 N.W.2d 900 (1984). We feel that the district court properly instructed the jury, refusing the defendant's requested instruction that an actor is not required to retreat from his dwelling, as this instruction was not supported by the evidence.

Neb. Rev. Stat. § 28-1406(5) (Reissue 1979) defines dwelling as "any building or structure, though movable or temporary, or a portion thereof, which is for the time being the actor's home or place of lodging . . . ." An uncontroverted fact of this case is that defendant was not in his home when he shot Terrell. The statute is limited to a dwelling or place of work. The sidewalk in front of defendant's apartment is neither of these. Regardless of where the argument started or who initiated it, the exception

to the duty to retreat before employing deadly force is inapplicable if the defendant has in fact retreated voluntarily from his dwelling.

We find no Nebraska case which has expanded the statutory meaning of the term "dwelling." The defendant's invitation to this court to do so is not accepted. It is not error to refuse instruction on any issue which is not supported by evidence. *State v. Wright*, 196 Neb. 377, 243 N.W.2d 66 (1976). The trial judge ruled properly in refusing to give an irrelevant and potentially misleading instruction. The decision of the trial court is affirmed.

AFFIRMED.