STATE OF NEBRASKA, APPELLEE, V. FRANK E. SCHUETTE III, APPELLANT.

393 N.W.2d 718

Filed October 3, 1986.   No. 85-921.

Donald W. Kleine of Kleine Law Office, for appellant.

Robert M. Spire, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

The appellant, Frank E. Schuette III, was charged with assault in the first degree in violation of Neb. Rev. Stat. § 28-308(1) (Reissue 1985) and also with using a knife to commit a felony in violation of Neb. Rev. Stat. § 28-1205(1) (Reissue 1985). Following trial, the jury found Schuette guilty of assault in the first degree and not guilty of using a knife to commit a felony. The district court thereafter sentenced Schuette to imprisonment for a term of not less than 30 months nor more than 5 years. Schuette's single contention is that the

evidence was insufficient to support the conviction for assault in the first degree. We believe that Schuette is in error, and the conviction and sentence must be affirmed.

The evidence was such that the jury could find that at approximately 2 a.m. on April 7, 1985, the victim, who had been living with Schuette, arrived home. Shortly, upon her arrival, the parties began to argue as to why the victim was so late getting home. The argument erupted into a physical confrontation. Schuette then punched the victim in the eye, causing the eye to bleed and her to fall to the floor. While she was lying on the floor, he began kicking her in the ribs, in the legs, and elsewhere. She attempted to go to the bathroom to wipe blood off of her mouth and eye, and Schuette followed her, where he hit her again. As she ran back to the living room, Schuette grabbed her, struck her, and knocked her across a small rocking chair. According to the victim's testimony, Schuette then stabbed her in the arm and in the leg with a French butcher knife from the kitchen. After she was stabbed the victim asked to go to the bathroom because she was bleeding so badly. Blood from her leg wound was "squirting out everywhere." She went to the bathroom and attempted to tie off her leg with a tourniquet while Schuette kept kicking her. She did manage to get her leg tied off, but she passed out shortly thereafter. Ultimately, the rescue squad was called and she was taken to the hospital, where she was treated in the emergency room. The treating physician testified that the victim had multiple abrasions; bruising involving the right side of the face, the right upper arm, the left forearm, the left knee, and the left lower leg; tenderness in the lower abdomen over the pubic area; a 1-centimeter laceration on her left forearm; a $3^1/_2$-centimeter laceration on her left thigh; a wound on her left knee as a result of a kicking; and multiple bruising and tenderness on both sides of her posterior rib cage. The wound on the victim's forearm required three stitches, while the wound on the thigh required three subcutaneous stitches and seven stitches on the surface.

Section 28-308(1) provides: "A person commits the offense of assault in the first degree if he intentionally or knowingly causes *serious bodily* injury to another person." (Emphasis supplied.) Schuette argues that while there is evidence of

"bodily injury," there is no evidence of a "serious bodily injury." Neb. Rev. Stat. § 28-109(20) (Reissue 1985) defines "serious bodily injury" as follows: "Serious bodily injury shall mean bodily injury which involves a substantial risk of death, or which involves substantial risk of serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body."

Little more need be said of this case except to note that there was evidence from which the jury could believe that the victim was twice stabbed with a knife and bled so badly before treatment that she passed out. One need not be a physician to recognize that a person who has been stabbed with a knife in such a manner that 13 stitches are required to close the wounds suffers a substantial risk of death by bleeding unless the wounds are closed. To suggest that the knife wounds did not constitute serious bodily injury is to simply attempt to ignore the fact of the matter. Nor is it necessary to detail the physiological phenomenon which occurs when one bleeds to death. The facts of this case speak for themselves and require little legal citation. To hold otherwise would be to totally ignore the obvious. See *State v. Billups*, 209 Neb. 737, 311 N.W.2d 512 (1981). See, also, *State v. Sare*, 209 Neb. 91, 306 N.W.2d 164 (1981); *State v. Brown*, 220 Neb. 849, 374 N.W.2d 28 (1985). The evidence was more than sufficient to sustain the verdict. The judgment is affirmed.

AFFIRMED.

GRANT, J., participating on briefs.