STATE OF NEBRASKA, APPELLEE, V. TERRY BONCZYNSKI,
APPELLANT.
416 N.W.2d 508

Filed December 18, 1987.   Nos. 86-1063, 86-1064.

John S. Mingus of Mingus & Mingus, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller, for appellee.

HASTINGS, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and CORRIGAN, D.J.

WHITE, J.

The defendant, Terry Bonczynski, was prosecuted for leaving the scene of a property damage accident, flight to avoid arrest, willful reckless driving, speeding in excess of 95 miles per hour, and driving while intoxicated. After a trial to the county court for Buffalo County, the defendant was found guilty of all these charges except driving while intoxicated. The defendant was found not guilty on the latter charge. After sentencing, the defendant appealed to the district court. After a hearing, the district court affirmed the convictions. This appeal followed.

The charges against Bonczynski arise from an early morning incident on August 25, 1985. Officer McAndrew of the Kearney Police Department attempted to stop a pickup truck for a minor traffic offense. The pickup eluded police. Eventually,

sheriff's deputies of Buffalo County became involved in the chase. The fleeing pickup damaged a telephone pole in Gibbon, Nebraska, and at one point crossed the centerline and forced the oncoming vehicle of one deputy into a ditch. The officers lost sight of the pickup, but after running a check on the license plate number identified the owner and his address. Police officers proceeded immediately to the home in Ravenna, Nebraska, of Larry Bonczynski, to whom the vehicle was registered.

Upon arriving at the residence, officers observed the pickup involved in the chase, parked by the house. They saw a man walking from the area of the pickup into the front door of the home. Although the evidence is conflicting, apparently the officers contacted Larry Bonczynski at his front door. Larry Bonczynski, Terry's father, admitted he owned the pickup in question, and the officers told him he was under arrest for several offenses relating to the chase. Larry denied driving the pickup and indicated that they must be looking for his son, Terry Bonczynski. The officers testified that they asked Larry for consent to search the house for his son, and Larry voluntarily consented. Finding no one else in the home, one officer stepped out of the house and entered a dark shed some 20 feet from a side door. The defendant was found standing inside the shed and was placed under arrest. He was transported to the sheriff's office, where he was read his *Miranda* rights. Defendant then made several incriminating statements, including an admission that he was driving the pickup in question.

Appellant assigns several errors in his brief; however, the only error properly assigned and discussed relates to the trial court's overruling of his motion to suppress prior to trial. This court will not consider assignments of error which are not discussed in the brief. *Fee v. Fee*, 223 Neb. 128, 388 N.W.2d 122 (1986); *In re Estate of West*, 226 Neb. 813, 415 N.W.2d 769 (1987); Neb. Ct. R. of Prac. 9D(1)d (rev. 1986). Further, appellant discussed one alleged error at the district court level, but fails to assign error relating to that issue. Errors not properly assigned will not be considered. Both the rules of this court and prior case law require that each error relied upon for

reversal be separately and concisely stated and discussed. *Klug v. Smith*, 223 Neb. 202, 388 N.W.2d 515 (1986); *Lincoln Co. Sheriff's Emp. Assn. v. Co. of Lincoln*, 216 Neb. 274, 343 N.W.2d 735 (1984).

The only assigned error that merits review alleges that the trial court erred in failing to sustain defendant's motion to suppress the evidence and statements obtained pursuant to the officers' search of the home and arrest of defendant. In determining the correctness of a trial court's ruling on a motion to suppress evidence, the Supreme Court will not overturn the trial court's findings of fact unless such findings are clearly erroneous. *State v. Evans*, 223 Neb. 383, 389 N.W.2d 777 (1986). In reviewing the correctness of the findings of fact made by a trial court regarding a motion to suppress, the Supreme Court recognizes and takes into consideration that the trial court has observed the witnesses testifying regarding the motion to suppress, has determined credibility of the witnesses, and has weighed testimony from those witnesses to reach findings of fact regarding such motion. *Id.*

The appellant seems to be asserting that his arrest was somehow illegal and that the fruits of the arrest must therefore be suppressed. Without deciding whether the arrest would have been illegal if the search were nonconsensual, the trial court found that the search was consensual, and such a discussion is unnecessary if we affirm. The determination of whether a consent to search is voluntarily given is a question of fact, and voluntariness is to be determined from the totality of the circumstances. *State v. Ferrell*, 218 Neb. 463, 356 N.W.2d 868 (1984). From our review of the record we find that there was ample evidence to support the trial court's ruling that the consent given was in fact voluntary. The evidence on this question was conflicting to some degree; however, it is not the province of the Supreme Court to weigh or resolve conflicts in the evidence, credibility of witnesses, or weight to be given their testimony. *In re Estate of Odineal*, 220 Neb. 168, 368 N.W.2d 800 (1985).

We are satisfied from the record that the officers were lawfully present at the residence of the Bonczynskis, properly requested and received consent to search the premises for the

driver of the pickup involved in the chase, and conducted a legal arrest when they placed Terry Bonczynski in custody. The trial court's findings of fact were not clearly erroneous.

AFFIRMED.