STATE OF NEBRASKA, APPELLEE, v. MICHAEL A. COLE, APPELLANT.
436 N.W.2d 209

Filed March 3, 1989.   No. 88-395.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

CARLSON, D.J.

On July 30, 1987, defendant-appellant, Michael A. Cole, was charged in the Lancaster County Court with assault in the third degree in violation of Neb. Rev. Stat. § 28-310(1)(a) (Reissue 1985), a Class I misdemeanor. Defendant entered a plea of not guilty. The case was tried to a jury, and a verdict of guilty was returned. Defendant was sentenced to pay a fine of $250 plus court costs. The Lancaster County District Court affirmed the judgment and sentence imposed by the county court. Defendant timely appealed to this court, contending that the trial court erred (1) in refusing to instruct the jury on the affirmative defense of justification in the use of force to protect property and in failing to instruct the jury that a material element of the crime was that defendant's use of force, if any, was not justified, and (2) in omitting the word "defendant" from the jury instruction on material elements. Defendant further claims the evidence was insufficient to support a verdict of guilty. We affirm.

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Marrs*, 230 Neb. 977, 434 N.W.2d 336 (1989); *State v. Byrd*, *ante* p. 231, 435 N.W.2d 898 (1989).

Taking the view most favorable to the State, the record shows that this was a domestic dispute between defendant and Tina Cole over whether or not a seatbelt should be used for their 18-month-old child—Tina was for, the defendant against. The

dispute deteriorated from a verbal exchange to a "tug of war" over defendant's boots and a set of car keys. The parties struggled over these items. As a result, Tina claimed she sustained bruises and her finger was injured. The evidence was clearly sufficient to support a finding of guilt.

Defendant testified on his own behalf at trial. On direct examination, he stated that Tina had given him her car keys so that he could move her car. When he returned to the house, he demanded his boots in return for the keys. He testified, "I was stubborn in my ways for demanding to have my boots first I guess." Defendant further testified that Tina lost the tug of war, that he was mad, and that he did not think he even picked up the boots. Defendant testified on cross-examination that he "supposed" Tina wanted her car keys as much as he wanted his boots and that he did not believe she intended to destroy the boots.

Defendant also contends the trial court erred in refusing two proposed jury instructions regarding justification in the use of force to protect property. Neb. Rev. Stat. § 28-1411 (Reissue 1985) provides, in part:

> (1) Subject to the provisions of this section and of section 28-1414, the use of force upon or toward the person of another is justifiable *when the actor believes that such force is immediately necessary*:
> (a) To prevent or terminate . . . the unlawful carrying away of tangible, movable property . . . .
> . . . .
> (3) The use of force is justifiable under this section only if the actor first requests the person against whom such force is used to desist from his interference with the property . . . .

(Emphasis supplied.)

The defendant's own evidence negates any requirement for a justification instruction. His testimony shows that force was not "immediately necessary," nor were requests made to desist prior to the use of force, as also required by the statute. It is clear, by the defendant's own testimony, that he did not believe force was immediately necessary to secure his property or to prevent damage thereto. Rather, he was being stubborn.

On this record, we find that the trial judge could conclude

there was not sufficient evidence to support a justification instruction. It is not error to refuse instruction on any issue which is not supported by evidence. *State v. Menser*, 222 Neb. 36, 382 N.W.2d 18 (1986). See, also, *State v. Canby*, 217 Neb. 461, 348 N.W.2d 900 (1984); *State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984).

In regard to defendant's other assignment of error, the instruction in question reads, in part, as follows:

> The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the defendant of the crime charged are:
>
> A. That on or about the 30th day of June, 1987, in Lancaster County, Nebraska:
>
> B. Intentionally, knowingly, or recklessly cause bodily injury to another person.

The word "defendant" or words "defendant did" were left out in subsection B of the instruction. This was not prejudicial error because there was no objection or suitable alternate instruction presented. The failure to object to an instruction after it has been submitted to counsel for review precludes raising an objection on appeal. See, *State v. Duis*, 207 Neb. 851, 301 N.W.2d 587 (1981); *State v. Siers*, 197 Neb. 51, 248 N.W.2d 1 (1976). More importantly, all of the instructions must be read as a whole, and if the instructions, when read together, correctly state the law, are not misleading, and adequately state the issues, there is no prejudicial error. *State v. Ryan*, 226 Neb. 59, 409 N.W.2d 579 (1987); *State v. Threet*, 225 Neb. 682, 407 N.W.2d 766 (1987). We find no merit in this claim.

The judgment of the district court, affirming the decision of the county court, is affirmed.

AFFIRMED.