STATE OF NEBRASKA, APPELLEE, v. FLOYD BEINS, APPELLANT.
456 N.W.2d 759

Filed June 22, 1990.   No. 89-1194.

John S. Mingus, of Mingus & Mingus, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

After trial to a jury, the defendant, Floyd Beins, was convicted of third degree assault, in violation of Neb. Rev. Stat. § 28-310 (Reissue 1989), a Class I misdemeanor. The defendant was fined $300 and sentenced to 60 days in jail. Upon appeal the judgment was affirmed by the district court.

The defendant has appealed to this court, raising 14 assignments of error, in which he claims the district court erred in affirming the judgment of the county court. Specifically, the defendant alleges that (1) there was insufficient evidence to sustain his conviction, (2) the county court erred in failing to dismiss the complaint, (3) the jury was improperly instructed, and (4) he received an excessive sentence.

The record shows that the victim, Monica Beins, is the daughter of the defendant and his wife, Myrta Beins, and was 15 years old on the date of the offense. Monica has lived with her paternal grandparents, Harvey and Anna Beins, for most of her life. Her parents' home is located on a lot next to the grandparents' house near Kearney, Nebraska.

On the evening of April 20, 1988, Monica visited her parents' house to talk to her mother. During this conversation, Monica and her parents decided to visit a third party to inquire into a job possibility for Monica. The defendant and Monica's infant brother accompanied Monica and her mother. Monica was seated in the back seat of the car, holding her brother. The defendant was in the front passenger seat, and Myrta Beins was driving.

During the trip, Monica and her parents discussed an automobile that Monica and her grandfather had looked at earlier in the day. Upon learning that the grandfather had put a downpayment on the car, the defendant became agitated and an argument followed between Monica and the defendant. Apparently, the defendant was upset that he had not been consulted about the car and began making abusive remarks about the grandfather.

The defendant then ordered his wife to drive home and, according to Monica, began verbally abusing her and threatened to slap her. Monica replied that if he did, she would call her attorney. At this point, the car came to a stop sign. The

defendant exited the car and attempted to get in the back seat with Monica. He then got back in the car, turned around in the front seat, and hit Monica in the face several times.

When they arrived home, the defendant jerked Monica out of the car and hit her two or three more times. During the struggle, both Monica and the defendant fell to the ground. He then rolled on top of her, placed his hands on her neck, and began choking her. Monica testified that when she was being choked, she could not breathe and felt that her "eyes were just going to pop out of [her] head." Monica further testified, "I thought that was it. I thought it was the end and I just closed my eyes and all I remember is just thinking to myself that I'm never going to see my grandma or my grandpa or my mom or my little brother again." The defendant eventually released Monica and ordered her into the house. A short time later, Monica fled through the front door of the house while the defendant was arguing with his father at the back door of the house.

Myrta Beins called the police. The defendant waived his *Miranda* rights and gave a statement to a Buffalo County deputy sheriff in which he admitted hitting Monica while in the car and demonstrated to the deputy the hold he had on Monica's throat. The investigating officers testified that Monica sustained cuts on the forehead and above her right eye. She also had a swollen bump in the middle of her forehead, as well as a 1/2-inch-wide continuous red bruise around her neck.

In connection with his first and second assignments of error, the defendant contends that he was merely exercising his common-law right to discipline his child and cannot be held criminally liable for committing third degree assault on his daughter. The defendant's argument is based on this court's holdings in *Fisher v. State*, 154 Neb. 166, 47 N.W.2d 349 (1951), and *Cornhusker Christian Ch. Home v. Dept. of Soc. Servs.*, 227 Neb. 94, 416 N.W.2d 551 (1987). Nothing in these cases, however, supports the defendant's claim that parents are shielded from prosecution for unlawfully assaulting their children.

In *Fisher v. State, supra,* the defendant mother was convicted of manslaughter in connection with the death of her 4-year-old son. Apparently, the child died as the result of

malnutrition and numerous disciplinary beatings. In considering Fisher's contention that the evidence was insufficient to sustain her conviction, this court said:

> An unintentional killing of a person, without malice, resulting from an unlawful assault and battery that in itself is not of a character or intended to cause death may result in the assailant being guilty of manslaughter. [Citations omitted.]
>
> The same may be true if death, without malice, is unintentionally caused by immoderate and excessive punishment, under the circumstances existing, although not such as is manifestly dangerous to life, in the correction of a child by a parent. Clasen v. Pruhs, 69 Neb. 278, 95 N.W. 640 [1903], states the doctrine that: "A parent, or one standing in the relation of parent, is not liable either civilly or criminally for moderately and reasonably correcting a child, but it is otherwise if the correction is immoderate and unreasonable. * * * It is a question of fact to be determined by the jury whether or not the punishment inflicted was, under all the circumstances and surroundings, reasonable or excessive."

*Fisher, supra* at 175-76, 47 N.W.2d at 355.

In *Cornhusker Christian Ch. Home v. Dept. of Soc. Servs., supra* at 106, 416 N.W.2d at 560, we stated that "the rule found in *Clasen v. Pruhs,* [69 Neb. 278, 95 N.W. 640 (1903)], is a restatement of the common-law rule that was later codified in the criminal defense provision of § 28-1413 of the Nebraska Revised Statutes."

Section 28-310(1)(a) provides that a person commits the offense of assault in the third degree if he intentionally, knowingly, or recklessly causes bodily injury to another person. The statute makes no distinctions as to who may be liable for committing the offense or who the victim may be.

Neb. Rev. Stat. § 28-1413 (Reissue 1989) provides, in part:

> The use of force upon or toward the person of another is justifiable if:
>
> (1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision

of a minor or a person acting at the request of such parent, guardian, or other responsible person and:

(a) Such force is used for the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of his or her misconduct; and

(b) Such force used is not designed to cause or known to create a substantial risk of causing death, serious bodily harm, disfigurement, extreme pain or mental distress, or gross degradation.

In *State v. Miner*, 216 Neb. 309, 343 N.W.2d 899 (1984), the defendant was convicted of manslaughter in connection with the death of his girlfriend's 3-year-old son. The child died as the result of a kick to his epigastric region. Miner argued on appeal that the evidence was insufficient to establish the commission of the crime of manslaughter because there was no proof of the commission of an underlying unlawful assault. In affirming the defendant's conviction, this court stated:

A person is guilty of manslaughter who causes the death of another unintentionally while in the commission of an unlawful act. Neb. Rev. Stat. § 28-305 (Reissue 1979). It is the position of the State that the "unlawful act" committed by the defendant was third degree assault. That is defined as intentionally, knowingly, or recklessly causing bodily injury to another. Neb. Rev. Stat. § 28-310 (Reissue 1979).

The defendant responds that the act which the defendant committed was privileged under the provisions of Neb. Rev. Stat. § 28-1413 (Reissue 1979), and therefore did not constitute an unlawful act. That section provides in part that a person who is responsible for the general care and supervision of a minor may use such force as may be necessary for the purpose of safeguarding or promoting the welfare of a minor, including punishment of misconduct, if such force used is not designed to cause or known to create substantial risk of causing death or serious bodily harm.

*Miner, supra* at 312-13, 343 N.W.2d at 902. We held that whether the act committed by the defendant was privileged or whether it constituted an unlawful assault was a question of

fact.

The Supreme Court will sustain a criminal conviction if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Thayer, ante* p. 70, 453 N.W.2d 474 (1990). The record establishes that the defendant intentionally, knowingly, or recklessly caused bodily injury to his daughter. The jury received an instruction on justification of force pursuant to § 28-1413 and apparently resolved those issues against the defendant. The defendant's first and second assignments of error are without merit.

The defendant next contends that the trial court failed to properly instruct the jury. The record shows, however, that trial counsel was given the opportunity to review, but did not object to, any of the jury instructions. Issues not properly presented and passed upon by the trial court may not be raised on appeal. *State v. Chapman*, 234 Neb. 369, 451 N.W.2d 263 (1990). The failure to object to an instruction after it has been submitted to counsel for review precludes raising an objection on appeal. *State v. Cole*, 231 Neb. 420, 436 N.W.2d 209 (1989). If the jury instructions, when read together, correctly state the law, are not misleading, and adequately state the issues, there is no prejudicial error. *State v. Hankins*, 232 Neb. 608, 441 N.W.2d 854 (1989); *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989); *State v. Cole, supra.* We determine that the instructions given to the jury correctly stated the law, were not misleading, and adequately covered the issues involved. The defendant's assignment is without merit.

The defendant further contends that the district court abused its discretion in denying him probation and in imposing an excessive sentence. An order denying probation and a sentence imposed within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion. *State v. Johnson*, 234 Neb. 110, 449 N.W.2d 232 (1989); *State v. Jenson*, 232 Neb. 403, 440 N.W.2d 686 (1989); *State v. Byrd*, 231 Neb. 231, 435 N.W.2d 898 (1989).

In denying probation and sentencing the defendant to imprisonment, the county court noted that the defendant did not recognize his own culpability, did not appear to be concerned about his daughter, and displayed "an almost

absolute disregard or absolute lack of presence of any remorse or acceptance of his own acts as having been the cause of his own problems." The defendant's record included prior convictions for assault. He also informed the court at the sentencing hearing that he did not "have a daughter" and he refused a suggestion to seek counseling.

A Class I misdemeanor is punishable by a maximum of 1 year's imprisonment, a $1,000 fine, or both. The sentence imposed was well within the statutory limits and, under the circumstances, did not constitute an abuse of discretion.

The remainder of the defendant's assignments of error are not discussed in his brief. The Supreme Court will not consider assignments of error which are not discussed in the brief. *State v. Badami, ante* p. 118, 453 N.W.2d 746 (1990); *State v. Garcia, ante* p. 53, 453 N.W.2d 469 (1990); *State v. Jones, ante* p. 1, 453 N.W.2d 447 (1990). Nor will this court consider errors not assigned. *State v. Bonczynski*, 227 Neb. 203, 416 N.W.2d 508 (1987).

The judgment of the district court, affirming the judgment of the county court, is affirmed.

AFFIRMED.