755 N.W.2d 813 (2008)
276 Neb. 603
STATE of Nebraska, appellant,
v.
Steven J. LARKINS, appellee.
No. S-07-1069.
Supreme Court of Nebraska.
September 19, 2008.
*814 Gary E. Lacey, Lancaster County Attorney, and Daniel D. Packard for appellant.
Joel G. Lonowski, of Morrow, Poppe, Otte & Watermeier, P.C., L.L.O., Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
Steven J. Larkins was charged with tampering with a witness[1] after an altercation *815 with his estranged wife. Larkins' wife called police after the altercation, and Larkins asked her to call back and tell the police not to come. Larkins was holding a gun at the time, but he neither pointed the gun at his wife nor expressly threatened her in any way. The district court found this to be insufficient evidence of tampering with a witness and dismissed that charge and a related firearms charge.
The Lancaster County Attorney filed a notice of intent to appeal that judgment of dismissal.[2] The county attorney's application for leave to docket an appeal was signed by the district court and filed in the Nebraska Court of Appeals. The Court of Appeals sustained the county attorney's application, and the appeal was later moved to our docket.
[1-3] After considering the facts and argument in this case, we conclude that the county attorney's application for leave to docket an appeal should not have been sustained. The purpose of a prosecutorial appeal brought under § 29-2315.01 is to provide an authoritative exposition of the law to serve as precedent in future cases.[3] Thus, under § 29-2315.01, an appellate court determines whether authoritative exposition of the law is needed based upon the prosecuting attorney's application for leave to docket an appeal.[4] And the scope of an appellate court's review under § 29-2315.01 is limited to providing such an exposition.[5]
[4] Here, an authoritative exposition of the law is neither required nor readily discernable from the asserted issue in this case. It is not disputed that Larkins was placed legally in jeopardy before the district court dismissed the charges at issue, so a decision in this error proceeding would not affect the judgment of the district court.[6] And the county attorney's sole assignment of error is that the court erred in sustaining Larkins' motion to dismiss, based on the failure to prove a prima facie case. When the county attorney's arguments are evaluated, it is clear that the only issue presented in this case is whether the inferences that could reasonably be drawn from the evidence would have been sufficient to sustain a conviction. In other words, the issue presented is limited to the facts of this case. No issue of statutory interpretation is presented, nor does any other issue appear on which a decision would be helpful in future cases. It is not the proper function of § 29-2315.01 to have an appellate court render an advisory opinion on narrow factual issues regardless of whether the opinion may, or may not, have some marginal precedential value in the future.
In short, the county attorney's application does not present us with an opportunity to provide an authoritative exposition of the law that would be sufficiently useful as precedent. Because the scope of our review is limited to providing such an exposition, we dismiss this appeal.
Appeal dismissed.
NOTES
[1] See Neb.Rev.Stat. § 28-919(1)(a) (Reissue 1995).
[2] See Neb.Rev.Stat. § 29-2315.01 (Cum. Supp.2006).
[3] State v. Hall, 269 Neb. 228, 691 N.W.2d 518 (2005); State v. Detweiler, 249 Neb. 485, 544 N.W.2d 83 (1996).
[4] Hall, supra note 3.
[5] See, id.; State v. Jennings, 195 Neb. 434, 238 N.W.2d 477 (1976).
[6] See Neb.Rev.Stat. § 29-2316 (Cum.Supp. 2006).