Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/31/2023 09:06 AM CDT

State of Nebraska, appellant, v.
Luis A. Valadez, appellee.
___ N.W.2d ___

Filed March 31, 2023.    No. S-22-026.

Appeal from the District Court for Sarpy County: Nathan
B. Cox, Judge. Appeal dismissed.

Gage R. Cobb, Deputy Sarpy County Attorney, for appellant.

James K. McGough, of McGoughLaw, P.C., L.L.O., for
appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Papik, J.
The State initiated this exception proceeding following
a trial in which Luis A. Valadez was acquitted of use of a
weapon to commit a felony and second degree assault. While
conceding that we lack the power to undo the acquittal, the
State asks us to nonetheless find that the district court should
not have provided the jury with instructions on self-defense
and defense of property. We find that the issues presented are
not appropriate for resolution in this exception proceeding and
therefore dismiss the appeal.

## BACKGROUND

The charges arose from an incident outside Valadez' home
in the very early morning hours of April 22, 2020. At that
time, Valadez saw a vehicle stop in front of his house. When

two people exited and began trying to open doors to vehicles owned by Valadez and his neighbor, Valadez grabbed a pocketknife and went outside. Valadez yelled at the trespassers and later engaged in a physical struggle with one of them in the street. That struggle eventually made its way to the vehicle in which the individuals had arrived. There, according to Valadez, he saw both individuals "reach towards the center console," at which point he "pushed away with both hands."

The vehicle then proceeded a few blocks down the road before crashing. The driver was found dead. An autopsy later revealed that the cause of death was a stab wound to the chest. The State initially charged Valadez with manslaughter and use of a weapon to commit a felony but later amended the manslaughter charge to second degree assault.

Valadez testified in his own defense at trial. Relevant to the issues presented here, he testified on direct examination that he did not have any intention of hurting or killing anyone, that he did not remember he had his knife in his hand when he pushed away, and that he did not even know that his knife contacted anyone. On cross-examination, he testified that he did not make a "conscious choice" to "push off," but instead that his actions were "involuntary" and that "it was an accident."

At a jury instructions conference after the close of evidence, the State objected to the district court's instructing the jury on self-defense and defense of property. The district court instructed the jury on both affirmative defenses.

The jury acquitted Valadez on both counts.

The State applied for leave to docket an exception proceeding. See Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2022). The Nebraska Court of Appeals granted the application, and we subsequently moved the case to our docket.

## ASSIGNMENTS OF ERROR

The State assigns that the district court erred in instructing the jury on self-defense and defense of property.

## ANALYSIS

The State offers multiple reasons why the jury should not have been instructed on self-defense or defense of property. With respect to self-defense, it contends that such an instruction was unwarranted because the evidence showed that Valadez was the initial aggressor and because Valadez testified that his actions were unintentional. With respect to defense of property, it contends that the instruction should not have been given because there was no evidence showing an attempt to dispossess Valadez of his property or a felonious theft for purposes of Neb. Rev. Stat. § 28-1411(6) (Reissue 2016). Having considered these arguments, we conclude that the application for leave to docket an exception proceeding should not have been sustained.

There is no dispute in this case that Valadez was "placed legally in jeopardy" in the district court, for purposes of Neb. Rev. Stat. § 29-2316 (Reissue 2016), and, consequently, we have no power to alter the district court's judgment. See *State v. Larkins*, 276 Neb. 603, 755 N.W.2d 813 (2008). The most we can do is provide guidance that may be of assistance in future cases. See *State v. Stanko*, 304 Neb. 675, 936 N.W.2d 353 (2019). We have recognized, however, that some exception proceedings do not present us with an opportunity to provide such guidance and therefore are properly dismissed.

For example, in *Larkins, supra*, we dismissed an exception proceeding that asked us to determine whether a district court erred by dismissing witness tampering charges for insufficient evidence. We noted that the only issue presented was whether "the inferences that could reasonably be drawn from the evidence would have been sufficient to sustain a conviction." *Id.* at 604, 755 N.W.2d at 815. We observed that this issue was "limited to the facts of [the] case," that no statutory interpretation was required, and that there was no "other issue . . . on which a decision would be helpful in future cases." *Id.*

Here, the State contends that, given the evidence in this record, established legal principles precluded the district

court from instructing the jury on self-defense and defense of property. The State correctly points out that we have precedent holding that a defendant who is the initial aggressor is not entitled to a self-defense instruction. See *State v. Eagle Thunder*, 201 Neb. 206, 266 N.W.2d 755 (1978). See, also, *State v. Miller*, 281 Neb. 343, 347, 798 N.W.2d 827, 830-31 (2011) ("*Eagle Thunder* thus stands for the rule that a defendant who is the initial aggressor is not entitled to a self-defense instruction"). It also observes, again correctly, that we have precedent holding that a self-defense instruction is warranted only when the use of force at issue is purposeful. See, *State v. Brown*, 220 Neb. 849, 374 N.W.2d 28 (1985); *State v. Canby*, 217 Neb. 461, 348 N.W.2d 900 (1984). Finally, the State accurately notes that, by statute, use of deadly force is justifiable in the defense of property only under certain enumerated circumstances. See § 28-1411(6).

Valadez does not challenge the legal principles upon which the State relies. And, while the State may disagree with the district court's decision to provide the instructions at issue, the State does not direct us to anything in the record tending to show that the district court questioned or ignored those principles. Instead, it appears the district court—rightly or wrongly—concluded that even when those principles were considered, the instructions were warranted given the evidence introduced at trial. Further, as the State emphasized at oral argument, the facts of the case are "unique."

In other words, all that we could do is review the district court's application of settled law to a set of unique facts. Such a determination would necessarily be, in the words of *Larkins*, "limited to the facts of this case." 276 Neb. at 604, 755 N.W.2d at 815. Because we can discern no issue "on which a decision would be helpful in future cases," *id.*, we find that the appeal should be dismissed.

## CONCLUSION

For the reasons discussed herein, we dismiss the appeal.

APPEAL DISMISSED.