### State of Vermont v. Joseph N. Bartlett

[385 A.2d 1109]

No. 255-76

Present: **Daley, Larrow, Billings and Hill, JJ. and Martin, Chief Supr. J. (Specially Assigned)**

Opinion Filed April 4, 1978

*William H. Sorrell,* Chittenden County State's Attorney, and *Susan R. Harritt,* Deputy State's Attorney, Burlington, for Plaintiff.

*Paul D. Jarvis* of *Blum Associates, Inc.,* Burlington, for Defendant.

**Per Curiam.** This is an appeal from judgments of conviction entered upon jury verdicts finding appellant guilty of violating 13 V.S.A. § 1023, simple assault, and 13 V.S.A. § 1028, assault upon a law enforcement officer. At trial, the evidence consisted primarily of the testimony of the two principals in the incident. The victim of the assault, a deputy sheriff attempting to serve upon appellant a court order in a divorce matter, testified that he was invited into appellant's house by appellant's son. He further testified that, when in the house, he served appellant with the court order, whereupon appellant punched him in the face. Appellant, on the other hand, took the stand in his own defense and testified that, as he was walking down the hall of his home to the kitchen where he had been counting out several thousand dollars—proceeds of his business—preparatory to making a bank deposit, a person jumped out at him and pushed something toward his face. Appellant further testified that he raised his hands to block the object thrust at him and in so doing struck the other person.

Appellant requested the trial court to instruct the jury on self-defense. The court refused to give the instruction, appellant making timely objections. We agree with appellant that the trial court committed reversible error when it failed to give the requested charge.

Appellant testified that he was blocking an object thrust at him when he struck the deputy sheriff. This is sufficient evidence to necessitate a charge on self-defense. As we stated

in *State* v. *Barrett,* 128 Vt. 458, 460, 266 A.2d 441, 443 (1970): "[W]e are not called upon to consider what chance this evidence had of being believed by the jury when viewed in connection with the testimony of the state. It was a factual issue, and should have been appropriately submitted to the jury." Once evidence raising the issue of self-defense appears in the case, the burden is on the state to prove, beyond a reasonable doubt, that appellant's actions were not in self-defense. In failing to charge the jury as to the effect of such evidence, the trial court was in error, and a new trial is required. *Id.* at 461, 266 A.2d at 443.

In view of our disposition of this matter, we do not reach the other claims of error.

*Reversed and remanded for a new trial.*