STATE OF NEBRASKA, APPELLEE, V. ARTHUR GUY
EAGLE THUNDER, APPELLANT.

266 N. W. 2d 755

Filed June 14, 1978. No. 41759.

Herbert M. Sampson, III, Box Butte County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

Defendant Arthur Guy Eagle Thunder was charged with three counts of assault with intent to inflict great bodily injury. Upon trial by jury, defendant was convicted on all three counts and sentenced to a term of 5 to 8 years imprisonment on each count, said sentences to run concurrently. On appeal defendant assigns numerous errors but argues only one, namely the failure of the trial court to instruct the jury on the defense of justification. Under the rules of this court, only errors assigned and discussed in the brief will be considered.

Defendant was a stranger in town, passing through Alliance on his way home to the Pine Ridge Reservation in South Dakota. On his first night in Alliance, he was arrested for intoxication and placed in jail. Upon his release a few days later, he bought a pint of wine. That evening defendant drank the wine with some acquaintances and continued to drink some wine at the Lager Inn, while waiting for a ride back to the reservation. The Lager Inn was the place in Alliance where Indians met to find rides to various points.

Defendant testified that about 9 or 10 p.m. that evening at the inn, Chuck Howard and a woman named Sara Lou tried to pick a fight. Leroy Bear Robe was also present and, according to defendant, pulled a chain out and threatened him with it. Defendant testified that Chuck Howard hit him in the

temple with his fist. While Mr. Howard admits that the fight occurred, he denies, as does Mr. Bear Robe, that the chain was used to threaten defendant.

The next morning defendant started drinking with the same group of people. According to defendant, Sara Lou started another fight at the Lager Inn. Defendant testified that he told them he wanted no trouble and pushed them away. Chuck Howard came at defendant and Sara Lou swung a wine bottle at defendant but missed. Defendant then testified that a Mexican "started after me . . . . I ran towards him and at that time he pulled that knife out." According to defendant, after a Mr. Flood hollered at the group to leave defendant alone, they backed away and defendant left.

Defendant testified that he returned to the Lager Inn about an hour later. He sat next to Mr. Bear Robe and Edison Richards and started to talk. According to defendant, Mr. Bear Robe asked if he wanted more trouble, defendant said no and then Mr. Howard, Sara Lou, and Lee Martinez returned with their fists up. Defendant testified that they swung at him but he slipped away across the street and down an alley.

Defendant admitted that when he entered the alley no one was chasing him. Defendant testified that he picked up a pipe from the alley, was still kind of drunk, and hid behind some parked cars across from where the group of people were assembled. According to defendant, a truck came down the street and as soon as it had passed, he jumped out and began hitting the group with the pipe including Edison Richards who had not been a party to the previous incidents. The victims incurred multiple injuries. Defendant estimated that about 5 or 10 minutes had passed between the last altercation and his return with the pipe. While stating that no one was chasing him when he entered the alley, defendant testified

that he believed that force was necessary to protect himself against death or bodily harm.

Defendant assigns as error the trial court's refusal to instruct the jury on defendant's theory of justification. The applicable justification statute reads as follows: ". . . the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." § 28-836 (1), R. R. S. 1943.

It is the contention of the defendant that his testimony he believed force was necessary to protect himself from death or bodily harm was alone sufficient to require the court to instruct the jury on justification, i.e., he asserts that his own purely subjective belief, without regard to the factual circumstances, required the giving of the requested instruction.

The Nebraska justification for use of force act is with slight modification taken from The Model Penal Code (A.L.I.). See Commentary to NJI No. 14.33 (1975 Pocket Part). The present act was adopted following the declaration of unconstitutionality of the previous statutory change in the common law defense of self-defense. State v. Goodseal, 186 Neb. 359, 183 N. W. 2d 258. The new act became effective March 1, 1972. Although the Model Penal Code provision omits the term "reasonableness," the explanation given by the authors shows they feared that if the term were included, convictions for mere negligence might result. There is no reason to believe they intended that the defense of justification would be good no matter what the circumstances of which accused had knowledge or even if his belief in the necessity of using force was wholly unreasonable.

Part III of NJI No. 14.33 contains the requirement of reasonable belief. Since the act was adopted, we

have given both administrative and tacit judicial approval to that pattern instruction. See State v. Ralls, 192 Neb. 621, 223 N. W. 2d 432.

The common law of Nebraska has always required that there be reasonable ground for the belief of the necessity of the use of force. See, Housh v. State, 43 Neb. 163, 61 N. W. 571; Barr v. State, 45 Neb. 458, 63 N. W. 856; State v. Goodseal, *supra*.

As a general rule, statutes will not be understood as effecting any change in the common law beyond what is clearly indicated. See Davis v. Walker, 170 Neb. 891, 104 N. W. 2d 479. There is nothing in the justification for use of force act which appears designed to change the ancient common law rule that in order to justify the defense of self-defense the belief that the use of force is necessary must be reasonable and in good faith.

We have carefully reviewed the record and find that the evidence does not justify the submission of the instruction. The only evidence adduced in support of the claim of self-defense was the testimony of the defendant. The evidence reads as follows: "Q. And at that time did you believe that that force was necessary to protect yourself against death or bodily harm from those people? A. Yes, sir. Q. And why did you think that? A. Cause they jumped me three times before and I was afraid for myself because I was jumped before. Not by the same people, but I got ganged up on before, last May and last year and I got my teeth knocked out and a hole knocked through my lip or my chin, so I was afraid I might get the same beating again. Q. So, that's the reason why when they jumped you — A. When they jumped me three times, I didn't know what to do but to try to protect myself."

The record reveals no factual dispute regarding defendant's assault on the group. By defendant's own admission, when he left the group and headed down the alley, no one was chasing him. After pick-

ing up the pipe in the alley, defendant stated that he "ducked" behind some parked cars so that nobody could see him and sneaked toward the group. After a truck that was coming down the street had passed, defendant stated that he "opened up" and began hitting the group with the pipe. Five to ten minutes had passed since the defendant had left the group and returned with the pipe to assault them. Clearly, defendant was the aggressor in this instance and therefore the trial court was correct in refusing to instruct the jury on the defendant's theory of justification.

AFFIRMED.