STATE OF NEBRASKA, APPELLEE, v. PAUL E. STEWART, APPELLANT.

288 N. W. 2d 751

Filed February 26, 1980. No. 42671.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Defendant was convicted by a jury of the crime of manslaughter and sentenced to 1 year in the Nebraska Penal and Correctional Complex. He appeals, assigning as error that the District Court should have directed a verdict of not guilty because of a failure of the State's evidence. The jury had been instructed properly on the defense of justification, or self-defense. We affirm.

The victim of this shooting was Brent Wiitala, an account representative of Remco TV Rental Company. On November 18, 1978, at approximately 10 a.m., the victim, together with Gerald Zimmer, the local manager of Remco, called upon the defendant at his home at 3025 Pratt Street in Omaha for the purpose of repossessing a television set because of delinquent payments.

According to the testimony of Zimmer, the victim knocked on the door and, obtaining no answer, broke a glass pane, opened the door, and entered the back porch. He then withdrew, but after a few moments the victim again went onto the porch and entered the main portion of the house. Shortly thereafter, the witness observed a look of fear on Wiitala's face, saw his hand go up, and saw him back up a couple of steps and apparently turned as if to leave. There was a sound similar to a ruler slapping a table, and the victim fell to the floor. Zimmer observed no weapon in the hands of Wiitala. He did see blood coming out of the victim's nose and mouth so he dragged and carried him to their vehicle and took him to the hospital where he was pronounced dead.

The defendant's girl friend testified and she corroborated Zimmer's testimony that the victim was in the house, then retreated to the outside back porch door. After that she claimed he turned around fast, saying he was going to get his TV back. At that point the defendant fired. She also testified that she had ordered the victim out of the house and

had been the one who woke up the defendant and told him someone was breaking into the house.

The defendant made several statements to the police just after the shooting and also gave a formal, voluntary statement about 2 hours after the incident. In those statements, testified to by the police, defendant admitted the shooting, saying that he had shot an intruder. He admitted the victim had no weapon, had not threatened him, and that he knew both men and why they were there. Also received in evidence was a tape-recorded telephone conversation between the defendant and the Remco consumer affairs manager from Houston, Texas, which took place 1 week before this shooting incident. In that telephone conversation, after complaining of the tactics of Remco in repossessing televisions, the defendant said: "I know one thing, I am going to give him his money, but if he comes out here beating on these windows while I am here, I am going to act like it is somebody trying to break in here." The defendant did not testify on his own behalf at trial.

The question of defendant's guilt, including his claim of self-defense, was a question of fact properly submitted to the jury and resolved by it against the defendant. There was sufficient competent evidence to support the jury's verdict beyond a reasonable doubt. "It is only where there is a total failure of competent proof in a criminal case to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, that the trial court will be justified in directing a verdict of not guilty." State v. Samuels, *ante* p. 585, 289 N. W. 2d 183 (1980).

There was no error in the trial court's submission of the case to the jury and the conviction is affirmed.

AFFIRMED.