STATE OF NEBRASKA, APPELLEE, V. CHARLIE C. CLAYBURN, APPELLANT.

389 N.W.2d 314

Filed June 27, 1986.   No. 85-802.

Gary L. Erlewine, for appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Charlie C. Clayburn was charged by amended complaint on February 28, 1985, in the county court for Platte County, Nebraska, with one count of assault in the third degree in violation of Neb. Rev. Stat. § 28-310 (Reissue 1985) and one count of criminal mischief in violation of Neb. Rev. Stat. § 28-519(1)(a) (Reissue 1985). An attorney was appointed to represent the defendant. After defendant indicated dissatisfaction with his attorney, the court afforded him an opportunity to obtain private counsel. Defendant did not do so. An extensive pretrial hearing was held in the case, with defendant representing himself and with his court-appointed counsel present as defendant's legal adviser. Jury trial was held on April 10 and 11, 1985, under the same arrangement. Defendant was acquitted of the assault charge but found guilty on the criminal mischief charge. Defendant was sentenced on May 16, 1985, to 90 days in the county jail, with credit for time served of 63 days.

Defendant appealed to the district court for Platte County. The district court affirmed. Defendant has since timely appealed to this court. We affirm.

The record shows that on the evening of December 28, 1984, defendant went to the residence of his ex-wife, Irene Clayburn. Defendant testified that he went there for the purpose of picking up his two sons, ages 8 and 6, for an overnight stay. An argument, which degenerated into a physical fight, ensued between defendant, on the one hand, and Irene Clayburn and her mother, on the other, while defendant was standing in the front doorway of Irene's house. The door was partly open, and

defendant was attempting to get it fully open. The State's evidence and the testimony of defendant's two sons, whom defendant called as witnesses, showed that defendant broke the door by swinging at it with his fists or elbows. The damage to the door was, as stipulated by the parties, $150. Defendant testified that Irene slammed the door against him, and in an attempt to protect himself from physical injury, he raised his elbow. The door struck his elbow, causing damage to the door. The jury chose not to believe defendant's version of the facts and convicted him of criminal mischief for damaging the door in an "intentional or reckless" manner.

In his first assignment of error, defendant argues that "[t]he District Court erred in affirming the sentence and judgment of the County Court for the reason that prejudicial error occurred at trial when the trial court failed to submit an instruction to the jury on self-defense." Defendant submitted a jury instruction on self-defense. This jury instruction was taken verbatim from NJI 14.33. The trial judge refused defendant's proposed jury instruction and stated: "Mr. Clayburn, in Nebraska, the law requires that if you're going to plead self-defense, it's an affirmative defense; it has to be pled up front so that the state is made aware of that fact. You did not do so. So I'm going to deny that jury instruction."

In his brief at 6 defendant contends he "had no duty to inform the court or the State that he was relying on self-defense as his theory of defense." The State concedes that "there is no statutory or case law authority which requires a criminal defendant to plead the affirmative defense of self-defense." Brief for Appellee at 2. We hold that the trial court was in error in that holding and that a defendant is not required to plead and give notice of an affirmative defense of self-defense. We believe, however, that the trial court was correct in denying the jury instruction on self-defense.

It is the duty of the trial court to instruct the jury on the law of the case whether requested to do so or not. Failure to do so constitutes prejudicial error. *State v. Lamb*, 213 Neb. 498, 330 N.W.2d 462 (1983); *State v. Duis*, 207 Neb. 851, 301 N.W.2d 587 (1981). A defendant is entitled to have the jury instructed on his theory of defense if there is any evidence to support it.

*State v. Duis, supra.* This court has held that the trial court is not required to give an instruction where there is insufficient evidence to prove the facts claimed. *State v. Reeves,* 216 Neb. 206, 344 N.W.2d 433 (1984); *State v. Prim,* 201 Neb. 279, 267 N.W.2d 193 (1978).

We first note that the affirmative defense of justification or self-defense is available in property crimes in limited circumstances only. See Neb. Rev. Stat. § 28-1415 (Reissue 1985). The situation in this case is not within the limitations. The defendant's conduct in going to the residence of another where he was not invited and in attempting to force his way into that residence was such as to deny him the defense of justification. Neb. Rev. Stat. § 28-1407(2) (Reissue 1985) provides:

> When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.

"Criminal mischief" by definition is an offense "for which recklessness . . . suffices to establish culpability."

In this case defendant could have proceeded under a theory which showed that his conduct was accidental. Accident is a defense to the crime of criminal mischief. 4 C. Torcia, Wharton's Criminal Law, *Malicious Mischief* § 488 (14th ed. 1981). A review of the evidence in the light most favorable to defendant shows that defendant testified as follows:

> I [Clayburn] was just going to leave, she [Irene] had ahold of the door . . . and she slammed the door on me . . . I held my elbow up like this to protect myself from the blow of the door. If I hadn't of, it would have caught me face on, you know.

By submitting a jury instruction on self-defense, defendant could have been trying to show that he did not "intentionally or recklessly" damage the door.

We believe, however, that the trial court did properly instruct the jury on the defendant's theory of the case. The trial court

instructed the jury on the elements of criminal mischief. The instructions required that the jury, before it could convict defendant, determine that defendant's conduct was reckless or intentional. If defendant's conduct was intentional or reckless, it could not be "accidental." All jury instructions must be read together, and if the instructions taken as a whole correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error. *State v. Reeves, supra*. We find that the jury was properly instructed.

Defendant's second and final assignment of error is that "[t]he District Court erred in affirming the sentence and judgment of the County Court for the reason that the sentence imposed against Appellant was excessive and an abuse of discretion."

Defendant was found guilty of criminal mischief in violation of § 28-519(1)(a). Although the damage to the door was stipulated to be $150, a Class II misdemeanor, see § 28-519(3), defendant was only charged with a Class III misdemeanor, which carries a maximum penalty of 3 months' imprisonment, a $500 fine, or both. See, § 28-519(4) and Neb. Rev. Stat. § 28-106(1) (Reissue 1985). As stated above, the trial court sentenced Clayburn to 90 days in the county jail, with jail time credit for 63 days. The sentence is within the statutory limits.

This court will not modify on appeal a sentence imposed within the statutory limits, absent an abuse of discretion on the part of the trial court. *State v. Perdue*, 222 Neb. 679, 386 N.W.2d 14 (1986). The presentence investigation report shows that defendant had two prior convictions for assault. He was granted probation on these two assault charges and had exhibited an uncooperative attitude during the probationary period. The report concluded that defendant was not a suitable candidate for counseling and that due to his nomadic lifestyle probation supervision "would be next to impossible." The sentence imposed was not an abuse of discretion.

The judgment is hereby affirmed.

AFFIRMED.

KRIVOSHA, C.J., participating on briefs.