PROFESSIONAL RECRUITERS, INC., APPELLANT, V. JAMES H. OLIVER ET AL., APPELLEES.

409 N.W.2d 304

Filed July 17, 1987.    No. 85-741.

Daniel W. Ryberg, for appellant.

Kenneth C. Fritzler of Ross, Schroeder & Fritzler, for appellees.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from the district court for Hall County. Appellant, Professional Recruiters, Inc., brought suit in the district court against the appellees, James H. Oliver, The Ravenna Bank, Inc., and Bank of Doniphan, Inc., for fraudulent inducement, interference with the business relationship, and, in the alternative, for unjust enrichment. The demurrer of the Bank of Doniphan on the cause of action for unjust enrichment was sustained. All parties' motions for summary judgment were denied. At trial the jury returned a verdict for the appellees. The appellant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial was also denied. This appeal follows.

In December of 1983 a representative of Professional Recruiters, Inc., contacted George Wanitschke of the Bank of Doniphan, inquiring as to whether his bank had an opening for a banking officer. Wanitschke stated that the bank was looking for someone, and the two agreed to combine efforts to fill the position. Professional Recruiters forwarded to Wanitschke a copy of the company's service agreement, including a fee structure, a company brochure, the candidate's resume, and a candidate referral sheet.

Later in the month Wanitschke interviewed the candidate and decided that the chairman of the board, appellee James Oliver, would have to interview the candidate before a decision to hire him could be reached. According to Wanitschke, Oliver had the ultimate hiring decision. According to Oliver, who sits on the boards of both the Bank of Doniphan and The Ravenna Bank, Oliver interviewed the candidate and offered him a choice to work for either the Bank of Doniphan or The Ravenna Bank. The candidate was ultimately hired by The Ravenna Bank.

Professional Recruiters contacted the appellees several times in an attempt to secure payment, but was unsuccessful. It subsequently brought suit in district court.

On appeal Professional Recruiters assigns as error that the

district court erred in giving an instruction on the Uniform Commercial Code statute of frauds, in not granting the appellant's motion for a directed verdict, in overruling the motion for new trial, and in refusing certain instructions.

Addressing the appellant's first assignment of error only, that is, that the district court incorrectly instructed the jury, over objection, concerning the Nebraska Uniform Commercial Code statute of frauds, the following instruction, in pertinent part, was given to the jury:

ORAL AGREEMENT AND STATUTE OF FRAUDS

You are instructed that the Statute of Frauds of this state provides:

". . . a contract for the sale of goods for the price of Five Hundred Dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought . . . ."

". . . a contract for the sale of personal property is not enforceable by way of action or defense beyond Five Thousand Dollars . . . unless there is some writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the party against whom enforcement is sought . . . ."

This instruction was taken verbatim from the Uniform Commercial Code statute of frauds for personal property and goods, Neb. U.C.C. §§ 1-206 and 2-201 (Reissue 1980).

The agreement between the appellant and the appellees did not involve personal property or goods. The plain language of these statutes and the definitional statute makes clear that these statutes do not apply to agreements for the performance of a service. Neb. U.C.C. § 2-105 (Reissue 1980).

Our cases have held that it is the duty of the trial court to instruct on the proper law of the case, and failure to do so constitutes prejudicial error. *State v. Clayburn*, 223 Neb. 333, 389 N.W.2d 314 (1986); *State v. Lamb*, 213 Neb. 498, 330 N.W.2d 462 (1983); *State v. Duis*, 207 Neb. 851, 301 N.W.2d 587 (1981). The district court did not instruct the jury on the law

of the case and, therefore, committed prejudicial error. In view of this disposition, the remaining assignments will not be discussed. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.