THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE WILLIAMS, Defendant-Appellant.

First District (3rd Division)   No. 1—87—3721

Opinion filed October 9, 1991.

Randolph N. Stone, Public Defender, of Chicago (Linda J. Seeley, Assistant Public Defender, of counsel), for appellant.

John M. O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Judy L. DeAngelis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a jury trial, defendant Andre Williams was convicted of murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1) and sentenced to a term of 36 years' imprisonment. Defendant alleges that (1) he is entitled to a new trial because the jury instructions given for the charges of murder and voluntary manslaughter did not accurately reflect the elements and burden of proof in those offenses; (2) his conviction should be reversed because the State did not prove beyond a reasonable doubt that he had no belief that he was in imminent danger of death or great bodily harm; (3) he is entitled to a new trial because

the State repeatedly misstated the law as to self-defense and voluntary manslaughter in its arguments; (4) the sentence should be vacated because oral and written victim impact statements were introduced at the sentencing hearing; and (5) the sentence of 36 years' imprisonment was excessive given the circumstances of the case. We reverse and remand for a new trial.

Robert "Andy" Leonard and Lawanda "Skeekie" Warren went to the corner of Douglas and Lawndale Avenues in Chicago, Illinois, to sell marijuana "laced with PCP" at approximately 4:30 p.m. on November 25, 1986. Warren testified that defendant's nephew, Freddie "Smiley" Williams, approached her and stated that she could not sell marijuana to all of the potential customers on that corner because he also wanted to sell his marijuana. Warren told "Smiley" that she would sell her marijuana to anyone who wanted to purchase it.

Warren called over Leonard, who had been standing in an alley nearby talking to some people. Leonard approached "Smiley" and "Smiley" told him that he and Warren should take turns selling marijuana to customers. Leonard told "Smiley" that Warren was going to sell marijuana to anyone who asked for it. As the argument ensued, Leonard took off his jacket, hung it on the fence, and challenged "Smiley" to a fight.

Defendant came out of a nearby building and told Leonard to "Get off my nephew ['Smiley']." Leonard said something to defendant, who slapped him in the face with an open hand. Leonard fell to the ground. As Leonard was getting up, defendant shot him. Leonard got up and staggered, and defendant shot him two or three more times. Defendant then turned and aimed the gun at Warren. Defendant pulled the trigger, but the gun did not fire. Defendant then walked away. When police arrived at the scene, they found Leonard lying facedown. He was not wearing a jacket, and neither a gun nor drugs were found at the scene. Defendant was arrested three days later in Harvey, Illinois.

Defendant testified that after he slapped Leonard, Leonard reached behind his hip as he stood up. Thinking that Leonard was reaching for a gun, defendant drew his gun and shot him. Defendant testified that he did not actually see a gun in Leonard's hand or waistband, only that he thought Leonard was reaching for a gun.

The jury was given a self-defense instruction and Illinois Pattern Jury Instructions, Criminal, Nos. 7.02 and 7.06 (2d ed. 1981) (hereinafter IPI Criminal 2d), as to murder and voluntary manslaughter. The jury found defendant guilty of murder.

■■ Defendant first contends that his conviction for murder should be reversed and the case remanded for a new trial because the jury was improperly instructed as to both murder and voluntary manslaughter. We agree. In *People v. Reddick* (1988), 123 Ill. 2d 184, 197, 526 N.E.2d 141, 146, the court held that IPI Criminal 2d Nos. 7.02 and 7.06, which set forth the burden of proof and elements of murder and voluntary manslaughter, were improper because they did not place upon the State the burden to disprove the existence of unreasonable belief in justification for use of deadly force in self-defense.

■■ Recently in *People v. Shields* (1991), 143 Ill. 2d 435, 446-47, 575 N.E.2d 538, 543, the court held that jury instruction errors such as those found in *Reddick* do not mandate automatic reversal and may constitute harmless error if it can be shown that the error was harmless beyond a reasonable doubt. Given the facts of this case, however, we cannot say beyond a reasonable doubt that if the jury had been properly instructed as to the State's burden of proof it would not have concluded that defendant unreasonably believed that the use of deadly force was necessary to prevent death or serious harm to himself. The jury instruction errors were therefore not harmless.

In addition, we conclude that the State introduced sufficient evidence to prove beyond a reasonable doubt that defendant had no belief that he was in imminent danger of death or great bodily harm and that the defendant was guilty beyond a reasonable doubt. Thus, these remain jury questions, to be submitted to a properly instructed jury. (See *Reddick*, 123 Ill. 2d at 201, 256 N.E.2d at 148; *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, 375.) Under the circumstances, we do not address the other issues raised by defendant.

Accordingly, the judgment of conviction is reversed and the case is remanded for a new trial.

Reversed and remanded.

CERDA, P.J., and GREIMAN, J., concur.