STATE OF NEBRASKA, APPELLEE, V.
WILLIAM D. KINSER, JR., APPELLANT.
567 N.W.2d 287

June 6, 1997.   No. S-95-922.

Robin W. Hadfield, of Nebraska Commission on Public Advocacy, and, on briefs, Jon Placke, Assistant Box Butte County Public Defender, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and QUIST, D.J.

GERRARD, J.

Appellant, William D. Kinser, Jr., was convicted by a jury of first degree assault, second degree assault, and use of a weapon in the commission of a felony. In an unpublished memorandum

opinion, the Nebraska Court of Appeals reversed the judgment and remanded the cause for a new trial because of the trial court's refusal to instruct the jury as to self-defense. See *State v. Kinser*, 4 Neb. App. xxi (case No. A-95-922, June 5, 1996). It is from this decision that the State has successfully sought further review in this court. For the reasons that follow, we affirm the judgment of the Court of Appeals.

## FACTUAL BACKGROUND

The events involved in this case occurred on January 20, 1995, at the Bowl Mor Lounge in Alliance, Nebraska. The circumstances surrounding the alleged assault are in dispute. The testimony of two witnesses, the victim, James Covalt, and Penny Overshiner, a woman who accompanied Kinser to the Bowl Mor Lounge that evening and who was the only eyewitness other than the victim, is of particular importance with respect to the issues on appeal.

Covalt testified that around 8:30 p.m. on January 20, he was sitting at the bar in the Bowl Mor Lounge having a couple of beers. After Covalt had been in the bar for about 20 minutes, Kinser approached Covalt to talk to him. Covalt testified that they talked briefly, and then Kinser left the bar but returned a short time later. Covalt said that when Kinser returned, he did not see him enter the lounge with anybody else. When asked what he and Kinser talked about, Covalt said that he could not remember. However, Covalt could remember that on that evening, Kinser was loud and obnoxious, appeared to be intoxicated, and in general was pestering him. Covalt testified that he repeatedly told Kinser to leave him alone and go back to his table.

Covalt said that when Kinser turned as if to leave, Covalt turned away from Kinser and faced the bar. According to Covalt, the next thing he heard was the sound of breaking glass when he was suddenly struck by Kinser and knocked off his barstool onto the floor. Covalt received severe cuts across his nose and lip, as well as several smaller cuts on his forehead. Covalt thought Kinser had struck him with a beer bottle. In fact, Kinser had struck him with a drinking glass.

Kinser did not testify at trial. However, Overshiner testified on his behalf. Overshiner testified that she observed the entire

event. Overshiner said she was standing at the bar watching Kinser talk to Covalt but could not hear their conversation. She testified that it appeared as though the two men were arguing. Overshiner said that after about 5 minutes, Covalt made "an aggressive provocative move" upward toward Kinser's throat with the beer bottle he was holding in his hand. In response, Kinser punched Covalt with his right hand, in which he was holding a drinking glass. Overshiner testified that Kinser did not try to push the glass into Covalt's face, but instead was just holding the glass when he hit Covalt. She said it appeared that Kinser simply reacted and attempted to block Covalt's movement when Covalt brought his arm up with the beer bottle. At trial, Kinser tendered an instruction concerning self-defense, which the trial court refused. A jury convicted Kinser of first degree assault, second degree assault, and use of a weapon in the commission of a felony, and Kinser timely appealed his convictions to the Court of Appeals.

The Court of Appeals reversed Kinser's convictions, concluding that Kinser was due a jury instruction concerning self-defense if there was *any* evidence to support such a theory of defense. The Court of Appeals determined that if a jury were to believe Overshiner's testimony regarding the incident, then it could conclude that Kinser acted in self-defense in attempting to block Covalt's aggressive and provocative move with a beer bottle. Moreover, the Court of Appeals concluded that the failure of the trial court to give such an instruction left the jury without any authority to consider the issue of self-defense and, therefore, with no choice but to find Kinser guilty of the assault charges.

## ASSIGNMENTS OF ERROR

The State contends that the Court of Appeals erred when it (1) concluded that Kinser was due a jury instruction on self-defense if there was *any* evidence adduced to support such a defense, without regard to whether the evidence adduced was sufficient as a matter of law to prove self-defense, and (2) reversed the judgment and remanded this matter for a new trial, because the trial court correctly determined that a self-defense instruction was not warranted by the evidence at trial.

## STANDARD OF REVIEW

Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *State v. Nissen, ante* p. 51, 560 N.W.2d 157 (1997); *State v. Trevino*, 251 Neb. 344, 556 N.W.2d 638 (1996).

## ANALYSIS

Kinser asserts that the trial court erred in refusing to instruct the jury on his theory of defense, i.e., self-defense. Kinser timely objected to the jury instructions and tendered and requested an instruction on self-defense. The trial court not only rejected Kinser's instruction, but flatly refused to instruct the jury regarding the issue of self-defense.

To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *Kent v. Crocker, ante* p. 462, 562 N.W.2d 833 (1997); *State v. Glantz*, 251 Neb. 947, 560 N.W.2d 783 (1997).

The jury instruction offered by Kinser substantially complied with Neb. Rev. Stat. § 28-1409(1) (Reissue 1995) and was a correct statement of the law. See *State v. Graham*, 234 Neb. 275, 450 N.W.2d 673 (1990). Thus, at issue in this appeal is whether the tendered instruction was warranted by the evidence and whether Kinser was prejudiced by the trial court's refusal to so instruct.

In this regard, the State argues that a defendant does not merit a jury instruction concerning self-defense when there is merely *any* evidence to support such a theory, but, instead, the trial court is required to instruct a jury as to the defendant's theory of defense only if there is evidence sufficient as a matter of law to support such a theory. Citing *State v. Stewart*, 205 Neb. 626, 288 N.W.2d 751 (1980), the State argues that sufficient evidence means sufficient competent evidence rather than evidence which is weak or doubtful.

Kinser, on the other hand, argues that the Court of Appeals was correct in concluding that a defendant is entitled to a jury instruction on self-defense when there is *any* evidence to support such a theory. Kinser relies on *State v. Graham, supra.*

Because both parties seek clarification on the quality and quantity of evidence that is necessary to warrant a self-defense instruction, we granted further review. A review of our cases reflects that a trial court must instruct the jury on the issue of self-defense when there is any evidence adduced which raises a legally cognizable claim of self-defense. To successfully assert the claim of self-defense, one must have a both reasonable and good faith belief in the necessity of using force. *State v. White*, 249 Neb. 381, 543 N.W.2d 725 (1996). In addition, the force used in defense must be immediately necessary and must be justified under the circumstances. *State v. Graham, supra.*

In *State v. Eagle Thunder*, 201 Neb. 206, 266 N.W.2d 755 (1978), we held that the trial court correctly refused to instruct the jury on the issue of self-defense because, although the evidence produced would allow the jury to conclude that the defendant's belief in the need to use force in his own defense was subjectively held, the defendant failed to produce evidence that this subjective belief was also objectively reasonable.

In *State v. Graham*, 201 Neb. 659, 271 N.W.2d 456 (1978), we held that where the evidence presented did not indicate that the defendant feared an imminent threat of harm to himself, the trial court correctly refused to instruct the jury concerning the justification issues of self-defense and choice of evils. In *State v. Canby*, 217 Neb. 461, 348 N.W.2d 900 (1984), we held that the defendant did not produce a legally cognizable self-defense claim where the evidence adduced at trial indicated that the defendant's claim was that she accidentally and unintentionally stabbed her uncle, not that the stabbing was justified.

In *State v. Clayburn*, 223 Neb. 333, 389 N.W.2d 314 (1986), we held that the trial court did not err by not instructing the jury in regard to self-defense because the evidence demonstrated that the defendant was reckless or negligent in bringing about the harm occasioned. In *State v. Brown*, 235 Neb. 374, 455 N.W.2d 547 (1990), we held that under the evidence in the case, self-defense was not applicable to a charge of first degree sex-

ual assault. We also found incredible the necessary premise that forcibly subjecting one to sexual penetration could ever be immediately necessary for the purpose of protecting oneself against the use of unlawful force.

In contrast, in *State v. Graham*, 234 Neb. 275, 450 N.W.2d 673 (1990), we held that the trial court erred in refusing to instruct the jury on the issue of self-defense. The facts of *Graham* are quite similar to the facts of the instant case. In *Graham*, the defendant was charged with third degree assault stemming from a barroom fight. Witnesses testified that Graham struck the victim twice with his fist in self-defense when the victim attempted to strike Graham with either his fist or a beer bottle. Other evidence indicated that Graham used excessive force on the victim by driving the victim's head into a pool table and causing the victim to suffer a broken neck.

The trial court refused to give a self-defense instruction because it thought that a defendant had to testify to establish the necessary element of a good faith belief that force was necessary. Although Graham did not testify, his statement given to police approximately 3 hours after the incident was part of the evidence before the jury. We determined:

> If the jury that tried Graham believed the defendant's version of the facts and his state of mind as related in the testimony of the police sergeant, that [the victim] intended to hit Graham with his hand, that [the victim] had picked up a beer bottle and was attempting to hit Graham with it, and that it appeared to bystanders that Graham was defending himself when he hit [the victim], then the jury could have reasonably found that Graham's use of force against [the victim] was justified. Since there was evidence supporting a self-protection defense, the trial court should have instructed the jury accordingly.

*Id.* at 279, 450 N.W.2d at 676.

It is true that a trial court is not required to give an instruction where there is insufficient evidence to prove the facts claimed. *State v. Brown, supra.* However, it is not the province of the trial court to decide factual issues when it considers the evidence produced in support of one party's claim to be weak or doubtful. It is only when the evidence does not support a legally

cognizable claim of self-defense or the evidence is so lacking in probative value, so as to constitute a failure of proof, that a trial court may properly refuse to instruct a jury on a defendant's theory of self-defense. See, *State v. Brown, supra*; *State v. Canby, supra*; *State v. Eagle Thunder*, 201 Neb. 206, 266 N.W.2d 755 (1978).

The credibility of a witness and the weight to be given that witness' testimony are issues for the jury to resolve. *State v. Stott*, 243 Neb. 967, 503 N.W.2d 822 (1993); *State v. Thomas*, 238 Neb. 4, 468 N.W.2d 607 (1991). Accordingly, we hold that a trial court is required to give a self-defense instruction where there is any evidence in support of a legally cognizable theory of self-defense.

Having so held, the inquiry now turns to whether there has been any evidence adduced in support of a legally cognizable theory of self-defense in the instant case.

Justifications for the use of force are statutorily defined affirmative defenses. See Neb. Rev. Stat. § 28-1416(1) (Reissue 1995). The nature of an affirmative defense is such that the defendant has the initial burden of going forward with evidence of the defense. When the defendant has produced sufficient evidence to raise the defense, the issue is then one which the State must disprove. See *State v. Thompson*, 244 Neb. 375, 507 N.W.2d 253 (1993).

The evidence necessary to raise an affirmative defense may be adduced either by the defendant's witnesses or in the State's case in chief without the necessity of the defendant's presenting evidence. Such defendant need only adduce a slight amount of evidence to satisfy this initial burden of raising the issue of self-defense, see *State v. Stahl*, 240 Neb. 501, 482 N.W.2d 829 (1992), although, as a practical matter, a slight amount of evidence may not be enough to ultimately *prevail* on the defense of self-defense. A defendant is not required to plead and give notice of an affirmative defense of justification or self-defense. *State v. Clayburn*, 223 Neb. 333, 389 N.W.2d 314 (1986).

In pertinent part, § 28-1409, Nebraska's use of force in self-protection statute, provides:

(1) ... [T]he use of force upon or toward another person is justifiable when the actor believes that such force is

immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

. . . .

(4) . The use of deadly force shall not be justifiable under this section unless the actor believes that such force is necessary to protect himself against death [or] serious bodily harm . . . nor is it justifiable if:

(a) The actor, with the purpose of causing death or serious bodily harm, provoked the use of force against himself in the same encounter; or

(b) The actor knows that he can avoid the necessity of using such force with complete safety by retreating . . . .

(5) . . . [A] person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used, without retreating . . . .

Neb. Rev. Stat. § 28-1406(3) (Reissue 1995) defines "deadly force" as "force which the actor uses with the purpose of causing or which he knows to create a substantial risk of causing death or serious bodily harm."

Furthermore, although not a statutory requisite, we have long held that to successfully assert the claim of self-defense, one must have a both reasonable and good faith belief in the necessity of using force. *State v. White*, 249 Neb. 381, 543 N.W.2d 725 (1996); *State v. Eagle Thunder*, 201 Neb. 206, 266 N.W.2d 755 (1978).

The State asserts that Kinser did not produce evidence of a legally sufficient theory of self-defense because it was not reasonable for him to think the use of force was necessary, his use of force was not immediately necessary for his protection, and the force used under the circumstances was not justified. In addition, the State argues that because Kinser caused serious bodily injury to Covalt, Kinser's use of force was that of deadly force within the meaning of the statutes. In order to avail himself of this defense, Kinser cannot be the actor that provoked the use of force against himself in the first instance and must attempt to retreat if possible before employing deadly force in self-defense.

Instead of persuading us that Kinser failed to produce any evidence so as to constitute a legally cognizable claim of self-defense, the State's argument only points out the many questions of fact raised by the evidence adduced, in particular the testimony of the eyewitness, Overshiner, in regard to the use of force by Kinser. A defendant's claim of self-defense is a question of fact for the jury. *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994). As such, a jury, and not the trial court, must resolve these many fact questions concerning whether Kinser acted in self-defense within the meaning of the law.

In this regard, if the jury believed Overshiner's testimony, it could reasonably conclude that Covalt and Kinser were engaged in an argument which was not provoked by Kinser for the purpose of causing Covalt's injuries and that Covalt's aggressive and provocative move with a beer bottle toward Kinser's throat caused Kinser to defend himself by blocking Covalt's movement and punching Covalt while still holding a glass in his hand. Because there was evidence which would have supported Kinser's theory of self-defense, the trial court should have instructed the jury accordingly.

It is the duty of the trial judge to instruct the jury on the pertinent law of the case, whether requested to do so or not, and an instruction or instructions which by the omission of certain elements have the effect of withdrawing from the jury an essential issue or element in the case are prejudicially erroneous. *State v. Plant*, 248 Neb. 52, 532 N.W.2d 619 (1995).

The effect of the trial court's refusal to instruct the jury concerning Kinser's claim of self-defense was to withdraw from the jury consideration of an essential issue in the case, that being the State's burden to prove that Kinser did not act in self-defense.

The Court of Appeals correctly determined that there was prejudice to Kinser as a result of the trial court's failure to properly instruct the jury. Without being properly instructed on self-defense, the jury was not able to consider that defense. Kinser did not dispute that he punched and injured Covalt, but, rather, he asserted that such actions were justified in self-defense. Without authority to consider self-defense, the jury was left with no choice but to find Kinser guilty of the assault charges.

See *State v. Graham*, 234 Neb. 275, 450 N.W.2d 673 (1990). As a result, the Court of Appeals correctly concluded that Kinser's convictions must be reversed and that the cause must be remanded for a new trial.

Because this matter is being remanded for a new trial, we do not address whether a deadly force (see, e.g., NJI2d Crim. 7.2) or a nondeadly force (see, e.g., NJI2d Crim. 7.1) type of self-defense instruction is warranted by the evidence, nor do we address the merits of any other errors that Kinser assigned in the Court of Appeals.

## CONCLUSION

The Court of Appeals correctly concluded that the trial court committed prejudicial error by failing to properly instruct the jury on self-defense, and it properly reversed Kinser's convictions and remanded the cause for a new trial. Thus, we affirm the judgment of the Court of Appeals.

AFFIRMED.