STATE OF NEBRASKA, APPELLEE, V.
ALANDUS O. WARREN, APPELLANT.
608 N.W. 2d 617

Filed March 21, 2000.   No. A-99-440.

Thomas C. Riley, Douglas County Public Defender, and Michael Anderson for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

IRWIN, Chief Judge, and CARLSON, Judge, and HOWARD, District Judge, Retired.

IRWIN, Chief Judge.

## I. INTRODUCTION

Alandus O. Warren appeals from his conviction for second degree murder and use of a weapon in the commission of a felony. On appeal, Warren challenges the instructions given to the jury, specifically alleging that the court improperly instructed on the defense of justification. Finding reversible error in the court's instructions, we reverse, and remand for a new trial.

## II. BACKGROUND

On November 19, 1997, Warren was charged by information with second degree murder and use of a weapon in the commission of a felony. The information alleged that Warren, intentionally, with malice, but without premeditation, shot and killed Randall Blake on or about October 17, 1997. Warren pled not guilty to the charges.

At trial, Warren testified on his own behalf. Warren testified that on October 17, 1997, he got up around 8 or 9 o'clock in the morning. He met with a friend, James Bush, and the two of them smoked some marijuana. Warren and Bush then got a ride from Brandon Metcalf to try to find some more marijuana. The three proceeded to a house near 39th and Bedford Streets. When they found no one at home, they traveled down 39th Street to Bedford Street. As they crossed the intersection of 40th and Bedford Streets, they saw Blake and two other individuals. According to Warren's testimony, Blake "start[ed] throwing up gang signs and reach[ed] and pull[ed] out a gun." Warren testified that Blake was less than 15 feet from the car when he pulled a gun. Warren testified as follows: "I just closed my eyes and started shooting because I was scared, man." "Shit, to me, I didn't have no choice. I was scared. It was either me or him the way it looked to me. And I didn't know what to do. And I just closed my eyes and started shooting . . . ."

At the conclusion of the trial, the court instructed the jury, including an instruction on the elements of second degree murder and an instruction defining self-defense. The jury found Warren guilty on both charges, and Warren was sentenced to 20 to 25 years' imprisonment on the second degree murder conviction and 5 to 10 years' imprisonment on the conviction for use of a deadly weapon to commit a felony. This timely appeal followed.

### III. ASSIGNMENT OF ERROR

On appeal, Warren has assigned one error. Warren alleges that the court erred in improperly instructing the jury on the defense of justification, or self-defense.

### IV. ANALYSIS

#### 1. INSTRUCTIONS GIVEN

Relevant to our discussion are jury instructions Nos. 8 and 10 given by the trial court in this case. In pertinent part, instruction No. 8 given by the trial court provides as follows:

The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the defendant Alandus O. Warren of the crime of second-degree murder, as charged in Count I of the information, are as follows:

1. That the defendant, on or about October 17, 1997, did kill Randall Blake;

2. That he did so in Douglas County, Nebraska; and

3. That the defendant did so intentionally but without premeditation.

The State has the burden of proving beyond a reasonable doubt each and every one of the foregoing material elements of the crime of murder in the second degree in order to convict the defendant of the crime of murder in the second degree.

If you find from the evidence beyond a reasonable doubt that each of the foregoing material elements in this Section I is true, then it is your duty to find the defendant guilty of the crime of murder in the second degree done intentionally but without premeditation and you shall so indicate by your verdict.

If, on the other hand, you find that the State has failed to prove any one or more of the material elements in section I, then it is your duty to find the defendant not guilty of the crime of murder in the second degree. You shall then proceed to consider the lesser included offense of manslaughter as set out in Section II below.

Instruction No. 10 given by the trial court provides as follows:

The defendant acted in self-defense if:

(1) Randall Blake threatened death or serious bodily harm; and

(2) The defendant Alandus O. Warren did not provoke any such threat against him with the intent of using deadly force in response; and

(3) Under the circumstances as they existed at the time, the defendant Alandus O. Warren reasonably believed that his use of deadly force was immediately necessary to protect him against death or serious bodily injury; and

(4) Before using deadly force the defendant either tried to get away or did not try because he reasonably did not believe he could do so in complete safety.

The fact that the defendant may have been wrong in estimating the danger does not matter so long as there was a reasonable basis for what he believed and he acted reasonably in response to that belief.

Warren asserts on appeal that instruction No. 8 should have also included, as an element of the crime of second degree murder, that the State had the additional burden of disproving that the shooting was justified and done in self-defense as described in instruction No. 10.

## 2. Pertinent Law

### (a) Jury Instructions

Absent plain error indicative of a probable miscarriage of justice, the failure to object to a jury instruction after it has been submitted for review precludes raising an objection on appeal. *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994). However, whether requested to do so or not, a trial court has the duty to instruct the jury on issues presented by the pleadings and

evidence. *State v. Koperski*, 254 Neb. 624, 578 N.W.2d 837 (1998).

All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error necessitating reversal. *State v. Harrold*, 256 Neb. 829, 593 N.W.2d 299 (1999); *State v. Malcom*, 7 Neb. App. 286, 583 N.W.2d 45 (1998). A jury instruction which does not correctly state the law or which is likely to confuse or mislead the jury should not be given. *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999).

### (b) Self-Defense

The nature of an affirmative defense is such that the defendant has the initial burden of going forward with evidence of the defense. *State v. Urbano, supra.* When the defendant has produced sufficient evidence to raise the defense, the issue is then one which the State must disprove. *Id.*

A trial court must instruct the jury on the issue of self-defense when there is any evidence adduced which raises a legally cognizable claim of self-defense. *Id.*; *State v. Kinser*, 252 Neb. 600, 567 N.W.2d 287 (1997). To successfully assert a claim of self-defense, a defendant must have a reasonable and good faith belief in the necessity of using force and the force used in defense must be immediately necessary and justified under the circumstances. *State v. Urbano, supra*; *State v. Kinser, supra.*

A defendant's claim of self-defense is a question of fact for the jury. *State v. Kinser, supra.* A jury, and not the trial court, must resolve the many factual questions concerning whether the defendant acted in self-defense within the meaning of the law. See *id.*

### 3. APPLICATION AND RESOLUTION

In the present case, it is apparent that the trial court concluded that Warren met his initial burden of going forward with evidence sufficient to raise the issue of self-defense. We say this because the court gave a self-defense instruction contained in instruction No. 10, set out above. We agree that a proper self-

defense instruction was warranted. As noted above, Warren testified that Blake flashed gang signs and pulled a gun while less than 15 feet from the car in which Warren was riding. Warren testified that he was afraid and that he felt like "it was either me or him." Additionally, because Warren sustained his initial burden of going forward with evidence, the issue of self-defense became one which the State was required to disprove. See *State v. Urbano, supra.*

Although the trial court correctly concluded that a self-defense instruction was warranted, based on Nebraska case law, the instructions actually given by the trial court, when read together and taken as a whole, do not correctly state the law and are misleading and likely to confuse the jury. As given, instruction No. 8 correctly instructs the jury that if the State proves, beyond a reasonable doubt, that Warren killed Blake on or about October 17, 1997, in Douglas County, Nebraska, intentionally but without premeditation, then the jury has a duty to find Warren guilty of murder in the second degree. As given, the instruction does not inform the jury that it is the State's burden to disprove self-defense in the event the jury finds Warren has met his initial burden of going forward with sufficient evidence of self-defense.

Similarly, instruction No. 10, while informing the jury of the definition of self-defense and informing the jury under what circumstances Warren could be found to have acted in self-defense, does not indicate what the jury should do with such a finding. The instruction does not instruct the jury that if it finds Warren acted in self-defense, the State must disprove that Warren acted in self-defense. Nor does the instruction inform the jury that the State must disprove the theory of self-defense beyond a reasonable doubt. See *State v. Archbold,* 178 Neb. 433, 133 N.W.2d 601 (1965).

As the instructions were given, it is reasonable that a jury might have proceeded through instruction No. 8, found that the State met its burden of proof on each of the statutory elements of second degree murder, and discovered that the jury had a duty to find Warren guilty of second degree murder. Proceeding through the instructions, the jury would have come upon instruction No. 10 and might have found that Warren acted in

self-defense. However, at this point, the jury was not instructed what to do with a finding of self-defense. The jury was left having been instructed that it was its duty to find Warren guilty, and the jury was not informed that a finding of self-defense negates such a guilty finding unless the State disproves self-defense beyond a reasonable doubt. See *State v. Archbold, supra.*

■ We recognize that the Nebraska pattern jury instructions serve as a helpful guidepost in formulating proper instructions to be given to juries in this jurisdiction. In fact, we have noted before that as long as there is a Nebraska pattern jury instruction that accurately states the law and applies to the case, it is the instruction which should be given. *State v. Hiemstra,* 6 Neb. App. 940, 579 N.W.2d 550 (1998). In the present case, instruction No. 10 is substantially identical to NJI2d Crim. 7.3. The State notes that "[n]either [NJI2d Crim. 7.3] nor the comments to it . . . suggest when that instruction is given that a negation of a self defense claim must be added to the elements instruction." Brief for appellee at 9. While we agree with that factual observation, we do not find this argument persuasive or dispositive.

■ We note that the comment found at the beginning of chapter 7 of NJI2d Crim. indicates that for all affirmative defenses except insanity and entrapment, "disproof of an affirmative defense must be listed as the final element in an elements instruction when an affirmative defense is an issue." Additionally, in the comment to NJI2d Crim. 7.1, which is the instruction for self-defense when no deadly force is used, the drafters note that "whenever self defense is at issue, the last element of the elements instruction will be 'that the defendant did not act in self defense.' " We note that this comment recommends an additional element instruction be given *whenever* self-defense is at issue, and is not, by its own terms, limited to non-deadly force cases. Indeed, we are at a loss as to any persuasive reason why such would be the case in nondeadly force cases, but not in deadly force cases.

The fact that disproof of self-defense should have been included as an element in the second degree murder elements instruction in this case is further supported by the fact that Nebraska case law firmly establishes that when the defendant has produced sufficient evidence to raise the defense, the issue

is one which the State *must* disprove. *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999); *State v. Kinser*, 252 Neb. 600, 567 N.W.2d 287 (1997); *State v. Ryan*, 249 Neb. 218, 543 N.W.2d 128 (1996); *State v. Thompson*, 244 Neb. 375, 507 N.W.2d 253 (1993); *State v. Connely*, 243 Neb. 319, 499 N.W.2d 65 (1993). The instructions as given did not adequately instruct on the issue of self-defense and were misleading and confusing to the jury. As a result, we reverse, and remand the case for a new trial.

## 4. NEDER V. UNITED STATES

In the present case, the State asserts that we should find the omission of an element in the jury instructions to be harmless error, pursuant to the U.S. Supreme Court's holding in *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). In *Neder*, the Court applied the harmless error test and determined that a trial court's failure to instruct on a particular element of the crime did not require reversal. We first note that the proposition of law from *Neder* cited by the State is not of recent vintage. As the *Neder* Court noted, harmless error analysis has been applied to misdescriptions and omissions in jury instructions in several cases in the past. See, *California v. Roy*, 519 U.S. 2, 117 S. Ct. 337, 136 L. Ed. 2d 266 (1996); *Carella v. California*, 491 U.S. 263, 109 S. Ct. 2419, 105 L. Ed. 2d 218 (1989); *Pope v. Illinois*, 481 U.S. 497, 107 S. Ct. 1918, 95 L. Ed. 2d 439 (1987). We do not find that *Neder* dictates the same result in the present case.

In *Neder*, the Court noted that the test for determining whether harmless error results from the failure to instruct on an element in a criminal case is as follows: It appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. On the specific facts of the *Neder* case, application of that test resulted in a majority of the U.S. Supreme Court concluding that it did appear beyond a reasonable doubt that the error did not contribute to the guilty verdict.

The present case is significantly distinguishable from *Neder*. In *Neder*, the U.S. Supreme Court concluded that the harmless error test was satisfied because, on the facts presented, no jury could reasonably have found in the defendant's favor on the element that was omitted from the instructions. Additionally, the

Court noted that the defendant never contested the issue which was omitted, either at trial or on appeal. As a result, on those facts, the Court was able to find the error harmless beyond a reasonable doubt.

In the present case, however, the facts do not support such a finding. As noted above, Warren presented testimony which, if believed, would suggest he acted in self-defense. Warren contested the issue to the point that he raised sufficient evidence to warrant an instruction to the jury, and the issue became one which the State was required to disprove beyond a reasonable doubt. He also raised this issue to the trial court and on appeal, unlike the defendant in *Neder*. Because the instructions as presented to the jury were confusing and misleading, it cannot be concluded that the error was harmless beyond a reasonable doubt. Likewise, it cannot be concluded beyond a reasonable doubt that the failure to include the complained of instructions did not contribute to the guilty verdict.

## V. CONCLUSION

Because the trial court failed to properly instruct the jury on the affirmative defense of justification or self-defense, we reverse, and remand the case for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.