540 S.E.2d 449

**The STATE, Respondent,**

v.

**Jerome ADDISON, Petitioner.**

**No. 25216.**

Supreme Court of South Carolina.

Heard Oct. 17, 2000.

Decided Dec. 11, 2000.

Rehearing Denied Jan. 10, 2001.

---

Deputy Chief Attorney Joseph L. Savitz, III, of S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General, Robert E. Bogan, all of Columbia, and Solicitor David P. Schwacke, N. Charleston, for respondent.

MOORE, Justice:

We granted a writ of certiorari to review the Court of Appeals' decision affirming petitioner's convictions for kidnapping and assault and battery with intent to kill.[1] We affirm as modified herein.

---

1. 338 S.C. 277, 525 S.E.2d 901 (Ct.App.1999).

## FACTS

At trial, Debra Brown (Victim) testified she was acquainted with petitioner and saw him on the night of February 14, 1996, at a bar she frequented. He offered her a ride home after she had had several drinks. On the way, Victim waited in the car while petitioner made a stop at a friend's house. When he returned to the car, he had drugs with him and was angry about being cheated.

Victim became frightened and tried to get out of the car but petitioner restrained her. He drove to a wooded area where he pulled her out of the car. He raped her on the ground then forced her back into the car and drove to a partially boarded-up trailer owned by his mother. There he beat Victim repeatedly about the face, head, and back with a tire iron, forced her to smoke crack after trying to make her swallow it, and raped her again.

Finally, at about 6:00 a.m. the following morning, petitioner agreed to let Victim leave with the threat that he would kill her and her children if she told anyone. He dropped her off near her home. Victim walked to her sister's house and from there was taken by ambulance to the hospital where she was treated for facial fractures and severe bruising.

Petitioner admitted having sex with Victim but claimed it was consensual. He testified they agreed to exchange sex for drugs and left the bar together for that purpose. At the trailer, they smoked crack and had sex. When Victim indicated she did not want to have sex with him again, petitioner cut off the drugs. Victim became angry and attacked petitioner with a piece of board. Petitioner defended himself.

The trial judge charged self-defense. Petitioner requested an additional charge that the State must disprove self-defense. The trial judge refused the charge and petitioner appealed.[2] The Court of Appeals affirmed with one judge dissenting.

---

2. Petitioner also argued on appeal to the Court of Appeals that the trial judge's self-defense charge was confusing. We agree with the Court of Appeals that this argument is procedurally barred. *See State v. Patterson,* 324 S.C. 5, 482 S.E.2d 760 (1997) (argument not raised below not preserved for review).

## ISSUE

Did the trial judge err in refusing to instruct the jury that the State has the burden of disproving self-defense?

## DISCUSSION

Petitioner contends under *State v. Wiggins,* 330 S.C. 538, 500 S.E.2d 489 (1998), he was entitled to a charge that the State had the burden of disproving self-defense beyond a reasonable doubt.

*Wiggins* addressed whether the defendant was entitled to a directed verdict because the State failed to · negate self-defense. We noted that self-defense is no longer an affirmative defense in our State and that "current law requires the State to disprove self-defense, once raised by the defendant, beyond a reasonable doubt." 330 S.C. at 544, 500 S.E.2d at 492.[3] The Court of Appeals' majority found *Wiggins* was not controlling in the context of a jury charge. We disagree.

In *State v. Davis,* 282 S.C. 45, 317 S.E.2d 452 (1984), we issued a model self-defense charge that removed the burden from the defendant to prove self-defense. Instead, trial courts were to charge:

> If you have a reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense, then you must find him not guilty. On the other hand, if you have no reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense, then you must find him guilty.

282 S.C. at 46, 317 S.E.2d at 453. This charge was made mandatory in *State v. Glover,* 284 S.C. 152, 326 S.E.2d 150 (1985); *see also State v. Bellamy,* 293 S.C. 103, 359 S.E.2d 63 (1987).

In *Wiggins,* we specified for the first time, though not in the context of a jury charge, that the State has the burden of disproving self-defense. *Wiggins* is dispositive of

---

**3.** *Wiggins* cites *State v. Fuller,* 297 S.C. 440, 442, 377 S.E.2d 328, 330 (1989), in which we quoted the trial judge's charge including · the following language: "[A]bsence of self-defense must be proven by the prosecution beyond a reasonable doubt." In *Fuller,* however, this aspect of the charge was never addressed.

the issue here. *See State v. Kimbrell,* 294 S.C. 51, 362 S.E.2d 630 (1987) (error to refuse charge that was correct statement of law). When self-defense is properly submitted to the jury, the defendant is entitled to a charge, if requested, that the State has the burden of disproving self-defense by proof beyond a reasonable doubt.[4] Because petitioner was tried before the filing of our opinion in *Wiggins,* however, we hold the trial judge did not err in refusing the charge in this case. The decision of the Court of Appeals is

**AFFIRMED AS MODIFIED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

4. Nearly all courts considering the State's burden of proof have held the defendant is entitled to such a charge. *See State v. Duarte,* 165 Ariz. 230, 798 P.2d 368 (1990); *Sanchez v. People,* 820 P.2d 1103 (Colo. 1991); *State v. Bryant,* 233 Conn. 1, 658 A.2d 89 (1995); *Fields v. State,* 258 Ga. 595, 372 S.E.2d 811 (1988); *People v. Williams,* 220 Ill.App.3d 822, 580 N.E.2d 1340, 162 Ill.Dec. 921 (1991); *Davis v. State,* 714 N.E.2d 717 (Ind.App.1999); *State v. Ceaser,* 585 N.W.2d 192 (Iowa 1998); *State v. Carter,* 227 La. 820, 80 So.2d 420 (1955); *State v. Plante,* 623 A.2d 166 (Me.1993); *Johnson v. State,* 749 So.2d 369 (Miss.App. 1999); *State v. Warren,* 9 Neb.App. 60, 608 N.W.2d 617 (2000); *State v. McMinn,* 141 N.H. 636, 690 A.2d 1017 (1997); *State v. Abbott,* 36 N.J. 63, 174 A.2d 881 (1961); *State v. Parish,* 118 N.M. 39, 878 P.2d 988 (1994); *State v. Bartlett,* 136 Vt. 142, 385 A.2d 1109 (1978); *State v. McKinney,* 178 W.Va. 200, 358 S.E.2d 596 (1987); *State v. Walden,* 131 Wash.2d 469, 932 P.2d 1237 (1997); *Duckett v. State,* 966 P.2d 941 (Wyo.1998).